KIMBERLY GAMBLE-PERUGINI *v.* MICHAEL C.
PERUGINI, SR.
(AC 29280)

Bishop, Gruendel and Lavine, Js.

Argued October 20, 2008—officially released January 20, 2009

*Lori Welch-Rubin,* for the appellant (defendant).

*William F. Gallagher,* with whom, on the brief, was *Rosemary E. Giuliano,* for the appellee (plaintiff).

*Stephen R. Griffin,* for the guardian ad litem for the minor children.

*Opinion*

BISHOP, J. The defendant, Michael C. Perugini, Sr., appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Kimberly Gamble-Perugini. On appeal, the defendant claims that the court's alimony, property disposition and educational support orders were improper. We affirm the judgment of the trial court.

The record discloses the following relevant information. The plaintiff and the defendant were married on December 27, 1992. They have two minor sons, born in 1993 and 1996. When the parties married, the defendant was the owner of a successful lingerie business.

After the defendant closed that business in 1994, the parties operated a successful sports bar, which they sold in 1999. Thereafter, the defendant acquired several properties from which rental income was earned. Additionally, the plaintiff became a real estate agent.

At the time of trial, the plaintiff was thirty-nine years old and the defendant was fifty-four. The plaintiff earned $37,594 in 2006 and $14,700 in 2005 in real estate commissions. Although the defendant had not yet filed his 2006 tax return, he reported an income of $67,025 for 2005.

In assessing the parties' respective incomes and the value of assets, the court did not credit the defendant's testimony in light of his lifestyle, which included the cost of owning a nine passenger plane and paying for the services of a pilot. Following trial, the court observed that the defendant's testimony lacked any degree of credibility. The court found his answers to questions to be inconsistent and contradictory, his memory lapses convenient and unbelievable, and the information contained in his financial affidavits to be untrustworthy. Indeed, the court observed in a post-judgment proceeding on the defendant's motion to set aside the judgment and for articulation that the defendant had been, perhaps, the least credible witness the court had confronted in nearly two decades.

On the basis of its findings, the court issued orders regarding custody, child support, the defendant's health insurance coverage, allocation of assets and attorney's fees. Relevant to the issues on appeal, the court made the following orders:

"The defendant shall be responsible for 75 percent of the children's private school tuition and the plaintiff for 25 percent. . . .

"The defendant shall transfer to the plaintiff all of his right, title and interest in the following real estate:

67 Dallas Terrace, Waterbury; 21 Wolcott Street, Bristol; 50 Spring Brook Road, Waterbury; 62 Jacobs Street, Bristol; and 73 Race Street, Bristol. . . .

"The defendant is awarded the following properties: 84 Harrison Drive, Wolcott; 198 Park Street, Bristol; 41 Stearns Street, Bristol; 309 Park Street, Bristol; 353 Park Street, Bristol; 22 Emmet Street, Terryville; 372 Park Street, Bristol; and 277 North Main Street, Winsted. . . .

"The defendant shall pay to the plaintiff periodic alimony in the amount of $100 per week. Said alimony shall terminate upon the death of either party, the remarriage of the plaintiff or ten years from the date of the dissolution of the marriage of the parties, whichever shall first occur." This appeal followed. Additional facts will be set forth as necessary.

We begin our assessment of the defendant's claims by considering the scope of our review. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . A fundamental principle in dissolution actions is that a trial court may exercise broad

discretion in awarding alimony and dividing property as long as it considers all relevant statutory criteria." (Internal quotation marks omitted.) *Cleary* v. *Cleary*, 103 Conn. App. 798, 800–801, 930 A.2d 811 (2007).

I

We first consider the defendant's claims regarding the court's disposition of assets. The defendant claims that the court abused its discretion by improperly refusing to consider evidence he provided regarding the income stream from the rental properties in determining the property allocation. He further claims that as a consequence of the court's allocation of property, he is left with insufficient income to pay the court orders of child support, education costs and alimony. We are unpersuaded.

The following additional information is relevant to our consideration of the defendant's claim. At trial, the only evidence that the defendant offered regarding the income generated by the parties' rental properties was a listing on his financial affidavit of the combined gross income of the properties. Notably, this affidavit failed to specify the rental income per unit. The plaintiff, on the other hand, presented testimony from a real estate appraiser regarding the values on the parties' rental properties on the basis of comparable sales prices. In considering these properties, the court assessed them by using the comparable sales approach and, in doing so, did not credit the defendant's claims regarding the income derived from them.

"When assigning the parties' property in a marriage dissolution, [General Statutes] § 46b-81 (c) in relevant part requires the court to consider 'the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of

the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.' The court has wide latitude in applying those criteria to the particular circumstances of the case, and although the court must consider all the statutory criteria in dividing property in a dissolution action, it does not need to make an express finding as to each criterion." (Citations omitted.) *Tracey* v. *Tracey*, 97 Conn. App. 122, 130–31, 902 A.2d 729 (2006).

In claiming that the court did not consider the income generated by these properties, the defendant erroneously conflates the notion of considering with crediting. The court considered and clearly rejected the defendant's claims in this regard. Instead, as noted, the court fashioned its orders on the appraised values of the properties in allocating them between the parties. On the basis of the appraised values of the properties, the defendant received approximately 54 percent of the properties at a value of $2,409,000, and the plaintiff received the remaining 46 percent at a fair market value of $2,057,061.

The court's orders regarding the division of the rental properties was well within the parameters of its discretion. Moreover, the defendant's failure to present any credible evidence regarding the impact that the property division of the rental properties would have on his income and the income stream generated from the rental properties deprived the court of the ability to make any findings in this regard. We conclude, therefore, that the court's division of the parties' real estate was not an abuse of discretion.

## II

The defendant next claims that the court improperly awarded the plaintiff $100 a week in alimony for a

term of ten years. He argues that because the rental properties awarded to the plaintiff generate substantial income and she earns additional income as a real estate agent, there is no legal or factual rationale to justify the periodic alimony. We disagree.

In dissolution proceedings, the court must fashion its financial orders in accordance with the criteria set forth in General Statutes § 46b-82, which governs awards of alimony. See *Bartel* v. *Bartel*, 98 Conn. App. 706, 711, 911 A.2d 1134 (2006). "In particular, rehabilitative alimony, or time limited alimony, is alimony that is awarded primarily for the purpose of allowing the spouse who receives it to obtain further education, training, or other skills necessary to attain self-sufficiency. . . . Rehabilitative alimony is not limited to that purpose, however, and there may be other valid reasons for awarding it." (Internal quotation marks omitted.) *Dees* v. *Dees*, 92 Conn. App. 812, 820, 887 A.2d 429 (2005).

On the basis of our review of the record, we conclude that the court did not abuse its discretion in awarding the plaintiff alimony for a period of ten years. Although there is evidentiary support for the defendant's claim that the plaintiff received properties from which she will earn rental income and that she also works as a real estate agent, testimony regarding the parties' marriage also revealed that, for most of the years the parties were together, the plaintiff was the primary caretaker for the children and that her earnings from employment were modest. Under all the circumstances presented to the court, its order for the payment of durational alimony was not an abuse of discretion.

III

The defendant also claims that the court improperly accepted the plaintiff's proposed property division without modification. In essence, he appears to claim that

the mere fact that the court adopted the proposed orders of the plaintiff reflects a bias on the part of the court. This claim requires little analysis. In a contested matter, if one party proposes an outcome that the court determines to be just and equitable after hearing all the evidence, it can hardly be said that the court's agreement with that party's proposed orders reflects any more than a consonance of views. Moreover, the record reveals that the court's orders did not mirror the plaintiff's proposed orders. Indeed, although the plaintiff requested a distribution of $120,000 from a securities account, the court's award to her in this regard was $80,000. Additionally, the court awarded $25,000 to the plaintiff in counsel fees and not $40,000 as she had requested. Finally, there is no suggestion that the court failed to exercise its independent judgment in framing its orders in this matter. Accordingly, this claim fails.

IV

The defendant finally claims that the court improperly ordered him to assume 75 percent of the children's private school tuition costs, given the substantive income shift resulting from the court's allocation of the rental properties.

The following additional facts are relevant to our discussion of this issue. At trial, the court heard testimony that the parties' older son attends the Taft School and the younger son attends Chase Collegiate School. The children's education costs a total of $55,000 per year.

Our Supreme Court has held that "courts have the power to direct one or both parents to pay for private schooling, if the circumstances warrant. It is a matter to be determined in the sound discretion of the court on consideration of the totality of the circumstances

including the financial ability of the parties, the availability of public schools, the schools attended by the children prior to the divorce and the special needs and general welfare of the children." (Internal quotation marks omitted.) *Hardisty* v. *Hardisty*, 183 Conn. 253, 262, 439 A.2d 307 (1981). Here, the defendant makes no claim that it was inappropriate for the court to make any provision for the children's private educational expenses, as it is clear from the record that both children were attending private schools and neither parent claimed that it was inappropriate for either child to continue in a private educational setting. Indeed, both parties agreed that the boys would likely continue to thrive in their respective schools.

As to the defendant's claim that the obligation imposed on him was disproportionately high in light of the property allocation, this claim fails because he did not provide the court with credible evidence regarding the income stream generated by each rental property. On the basis of the credible information presented to the court, including the defendant's lifestyle, which belied his income claims, the court's educational order was a reasonable exercise of its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.